Patrick Morgan Ford
California State Bar Number 114398
Law Office of Patrick Morgan Ford
1901 1st Avenue, Suite 400
San Diego, CA 92101
Telephone: 619-236-0679
Fax: 619-699-1159

Attorney for Petitioner, ANDY KARL KELLY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY KARL KELLY,<br><br>　　　　Petitioner,<br><br>　v.<br><br>Rob St. Andre, Warden,<br>High Desert State Prison<br><br>　　　　Respondent. | Case No.: _____<br><br>**PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY (28 U.S.C. 2254)** |

1. <u>Name and location of court that entered the judgment of conviction under attack</u>:

    Superior Court of Sacramento County, Sacramento, California

2. <u>Date of judgment of conviction</u>:

    6/29/18

3. <u>Trial court case number of the judgment of conviction being challenged</u>:

    No. 17FE019449

4. <u>Length of sentence</u>:

    110 years to life plus 19 years

5. <u>Sentence start date and projected release date</u>:

    July 9th, 2018, October 2037

6. <u>Offenses for which petitioner was convicted or pleaded guilty to</u>:

    A jury found petitioner guilty of seventeen counts involving Mackenzie Doe, a child under age 14, to wit age four to six, as follows: in counts one, two, four, five, seven, eight, nine, eleven, thirteen, and seventeen, guilty of a lewd act in violation of Penal Code section 288, subdivision (a); in count three, guilty of attempted lewd act in violation of Penal Code sections 664/288, subdivision (a); in counts six and sixteen, guilty of sexual intercourse or sodomy in violation of Penal Code section 288.7, subdivision (a); and in counts ten, twelve, fourteen and fifteen, guilty of oral copulation or sexual penetration in violation of Penal Code section 288.7, subdivision (b). The jury further found true the allegation that petitioner had substantial sexual contact with the victim within the meaning of Penal Code section 1203.066, subdivision (a)(8).

7. <u>What was your plea?</u>

    (a) Not guilty   X

    (b) Guilty        _
    (c) Nolo contendere _

8. <u>If petitioner pleaded not guilty, what kind of trial was had?</u>

    (a) Jury            X
    (b) Judge only _

9. <u>Did petitioner testify at trial</u>?

  X  Yes     __ No

## DIRECT APPEAL

10. <u>Did petitioner appeal from the judgment of conviction in the **California Court of Appeal**?</u>

  <u>X</u>  Yes     _ No

11. <u>If petitioner appealed in the **California Court of Appeal** answer the following</u>:

  (a) <u>Result</u>:

  Judgment affirmed, but modified with regard to certain fees and fines

  (b) <u>Date of result, case number and citation, if known</u>:

  October 13th, 2021; Case No. C087530

  (c) <u>Grounds raised on direct appeal</u>:

      I. THE TRIAL COURT ABUSED ITS DISCRETION BY PERMITTING PSYCHOLOGIST BLAKE CARMICHAEL TO TESTIFY ABOUT CHILD SEXUAL ABUSE ACCOMMODATION SYNDROME

      II. CALCRIM NO. 1193, INSTRUCTING THE JURY ON THE LIMITED NATURE OF CHILD SEXUAL ABUSE ACCOMODATION SYNDROME TESTIMONY, IMPROPERLY IMPLIES THE VERDICT MAY BE BASED ON ASSUMPTIONS INHERENT IN THAT TESTIMONY

    III. THE EVIDENCE IS INSUFFICIENT TO SUPPORT APPELLANT'S CONVICTION OF ATTEMPTED LEWD AND LASCIVIOUS ACT ON A CHILD AS CHARGED IN COUNT THREE

12. If petitioner sought direct review of the decision on appeal by the **California Supreme Court** (e.g. Petition for Review), please answer the following:

    (a) Result:

    Denied

    (b) Date of result, case number and citation, if known:

    December 22nd, 2021; Case No. S271786

    (c) Grounds raised:

        I. WHEN A TRIAL COURT ERRS BY ALLOWING THE JURY TO HEAR AN EXPERT TESTIFY THAT FALSE CLAIMS BY CHILDREN OF BEING SEXUALLY ABUSED ARE VIRTUALLY NONEXISTENT, THE ERROR SHOULD BE EVALUATED UNDER THE FEDERAL STANDARD REQUIRING REVERSAL UNLESS THE ERROR IS HARMLESS BEYOND A REASONABLE DOUBT BECAUSE THE TESTIMONY AMOUNTS TO EXPERT OPINION THE CHILD COMPLAINING WITNESS IS TELLING THE TRUTH

        II. CALCRIM NO. 1193, INSTRUCTING THE JURY ON THE LIMITED NATURE OF CHILD SEXUAL ABUSE ACCOMODATION SYNDROME TESTIMONY, IMPROPERLY IMPLIES THE VERDICT MAY BE BASED ON ASSUMPTIONS INHERENT IN THAT TESTIMONY

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

    Not applicable.

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, [has petitioner] previously filed any petitions, applications, motions, (e.g., a

Petition for writ of Habeas Corpus) with respect to this judgment in the **California Superior Court?**

Yes    X No

15. If the answer to #[14] was "Yes," give the following information:

Name of Court: Not applicable.

16. Other than a direct appeal from the judgment of conviction and sentence, [has petitioner] previously filed any petitions, applications, motions, (e.g., a Petition for writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal?**

Yes    X No

17. If your answer to #[16] was "Yes," give the following information:

Not applicable.

18. Other than a direct appeal from the judgment of conviction and sentence, [has petitioner] previously filed any petitions, applications, motions, (e.g., a Petition for writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court?**

Yes    X No

19. If your answer to #[18] was "Yes," give the following information:

Not applicable.

20. If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court** containing the grounds raised in this federal Petition, explain briefly why you did not:

Not applicable.

## COLLATERAL REVIEW IN THE FEDERAL COURT

21. Is this your **first** federal petition for writ of habeas corpus challenging this convictio

X Yes _ No

## GROUNDS FOR RELIEF

22. Claim one: The trial court abused its discretion by permitting psychologist Blake Carmichael to testify about child sexual abuse accommodation syndrome, and the California Court of Appeal's rejection of this claim was contrary to the clearly established Supreme Court precedent of *Chapman v. California*

    Supporting Facts: The defense moved prior to trial to exclude testimony of any prosecution witness about Child Sexual Abuse Accommodation Syndrome (CSAAS). The trial court decided that, since California courts have allowed CSAAS testimony, the evidence could be admitted. At trial, psychologist Blake Carmichael was allowed to tell the jury delayed disclosure of sexual abuse is common, and it is uncommon for children to report sexual abuse soon after the abuse. He testified that most child victims of abuse are abused by people with whom they have a relationship. There are things in the relationship the child enjoys and they also often look at the perpetrator as someone they are must obey, instead of causing discord in the family. Carmichael opined that children may show love instead of fear of the abuser.

23. **Claim two**: CALCRIM No. 1193, instructing the jury on the limited nature of CSAAS testimony, improperly implies that the verdict may be based on assumptions inherent in that testimony, and the California Court of Appeal's rejection of this claim was contrary to the clearly established Supreme Court precedent of *Estelle v. McGuire*
    Supporting Facts: The trial court told the jury how to consider the testimony of Dr. Blake Carmichael concerning CSAAS. The court instructed the jury with CALCRIM No. 1193. This instruction on the limited nature of CSAAS testimony improperly implies that a verdict may be based on assumptions inherent in that testimony. More specifically, CALCRIM 1193 is flawed because the last sentence essentially told the jurors they could base their verdict on the assumptions inherent in CSAAS testimony. In other words, jurors could make infer the molestation occurred if Makenzie's conduct was not inconsistent with the conduct of someone exhibiting symptoms of CSAAS.

    Did you raise [these] ground[s] in the **California Supreme Court?**

     X Yes. _ No

24. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?

     _ Yes. X No

25. If you answer to #23 is "Yes," give the following information:

     Not applicable.

26. Give the name and address, if known, of each attorney who represented in the following stages of the judgment attached herein:

    (a) <u>At the preliminary hearing</u>:

        Christopher Parkhurst
        1007 7th St., Ste. 302
        Sacramento, CA   95814

    (b) <u>At arraignment and plea</u>:

        Christopher Parkhurst

    (c) <u>At trial</u>:

        Christopher Parkhurst

    (d) <u>At sentencing</u>:

        Christopher Parkhurst

    (e) <u>On appeal</u>:

        Mark Alan Hart
        Attorney at Law
        PMB 520
        9420 Reseda Blvd.
        Northridge, California 91324

(f) In any post-conviction proceeding:

    Not applicable.

(g) On appeal from any adverse ruling in a post-conviction proceeding:

    Not applicable.

1. Were you sentenced on more than one count of an indictment, or more than one indictment in the same court and at the same time?

    _ Yes. x No

2. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

    _ Yes. x No

3. Date you are mailing (or handing to a correctional officer) this Petition to this court:

    Petition filed by counsel.

WHEREFORE, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

Dated: March 20, 2023                    s/Patrick Morgan Ford
                                                       Patrick Morgan Ford
                                                       Attorney for Petitioner,
                                                       ANDY KARL KELLY