UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY KARL KELLY, | No. 2:23-cv-00537-DAD-CKD P |
| Petitioner, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITION SEEKING FEDERAL HABEAS RELIEF |
| ROB ST. ANDRE, | |
| Respondent. | (Doc. Nos. 1, 12) |

Petitioner Andy Karl Kelly is a state prisoner proceeding with counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 30, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's federal habeas petition be denied. (Doc. No. 12.) The magistrate judge examined each of the two claims asserted by petitioner. (*Id.* at 3–10.) In petitioner's first claim he argues that under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), he was prejudiced by the prosecution's presentation of expert testimony regarding Child Sexual Abuse Accommodation Syndrome (CSAAS). (Doc. No. 1–2 at 23–29.) The magistrate judge concluded that the state appellate court's rejection of this argument on appeal, with respect to the portion of the expert testimony that should not have been admitted, due to petitioner's

1

failure to demonstrate prejudice was neither contrary to nor an unreasonable application of clearly established federal law and was not based on an unreasonable determination of the facts. (Doc. No. 12 at 7–8.)[1]  Next, the magistrate judge found that petitioner's second claim challenging the instruction given at his trial as to how the jury should consider the same prosecution expert's testimony lacked merit. (*Id.* at 8–10.)  The magistrate judge found that petitioner's challenge misconstrued the jury instruction and determined that the state appellate court's rejection of the jury instruction challenge on appeal was neither contrary to nor involved an unreasonable application of clearly established federal law as determined by the Supreme Court, and was not based on an unreasonable determination of the facts. (*Id.* at 9–10.)

The pending findings and recommendations were served upon the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 10.)  Petitioner did not file any objections to the pending findings and recommendations and the time in which to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Having concluded that the pending petition must be denied, the court also declines to issue a certificate of appealability.  A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003).  If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability if "jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-*

---

[1]  The magistrate judge also rejected any claim advanced by petitioner that he was entitled to federal habeas relief with respect to the trial court's admission of the CSAAS expert testimony in question on any other grounds. (Doc. No. 12 at 8 & n.1.)

*El*, 537 U.S. at 327; *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on [his] . . . part."  *Miller-El*, 537 U.S. at 338.  In the present case, the court concludes that reasonable jurists would not find the court's determination that the petition should be denied to be debatable or wrong, or that the issues presented are deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Therefore, the court will decline to issue a certificate of appealability.

Accordingly,

1.    The findings and recommendations issued on January 30, 2026 (Doc. No. 12) are ADOPTED in full;

2.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) is DENIED;

3.    The court DECLINES to issue the certificate of appealability; and

4.    The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:    **June 4, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3